{¶ 44} While I concur with the majority as to assignments of error one and two, I dissent with respect to its disposition of appellant's third assignment of error.
 {¶ 45} The appellant fails to cite to any part of the record on which he relies. In fact, the appellant's entire argument in his third assignment of error consists of a mere five sentences.
 {¶ 46} App.R. 16(A)(7) states the following:
 {¶ 47} "An argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which the appellantrelies. * * *." (Emphasis added.)
 {¶ 48} Accordingly, I would decline to address the appellant's third assignment of error under this appellate rule because the appellant has failed to cite to any part of the record on which he relies; therefore, the appellant has not demonstrated any error by the trial court.
 {¶ 49} Simply stating that the lower court erred in sentencing the appellant is woefully inadequate. An appellant bears the burden of affirmatively demonstrating error on appeal. Ivery v. Ivery, (Jan. 12, 2000), 9th Dist. No. 19410. To that end, the brief of an appellant must contain argument and law, with citations to the authorities, statutes, and parts of the record on which the appellant relies. (Emphasis added.) App.R. 16(A)(7). Further, it is not the appellate court's duty to assert and investigate alleged errors on behalf of appellant's counsel. SeeCardone v. Cardone (May 6, 1998), 9th Dist. Nos. 18349, 18673 (If an argument exists that can support this assignment of error, it is not this court's duty to root it out); see, also, Kremer v. Cox (1996),114 Ohio App.3d 41, 60 (It is not the obligation of an appellate court to search for authority to support an appellant's argument as to an alleged error). If the party presenting an assignment of error for review fails to identify in the record the error on which it is based, this court may disregard the assignment of error. App.R. 12(A)(2).
 {¶ 50} Since the appellant did not cite to any specific portion of the record to support this assignment of error, I would not consider it.